Opinion
 

 THOMPSON, J.
 

 This action reaches us on an appeal from a judgment of dismissal after a demurrer was sustained without leave to amend. It raises a narrow issue of the right of a landowner denied access to the facilities of a water district to recover in inverse condemnation for the diminution in value of his property caused by lack of water. Determining that resolution of the issue is controlled by
 
 Selby Realty Co.
 
 v.
 
 City of San Buenaventura
 
 (1973) 10 Cal.3d 110 [109 Cal.Rptr. 799, 514 P.2d 111] and
 
 Swanson
 
 v.
 
 Marin Mun. Water Dist.
 
 (1976) 56 Cal.App.3d 512 [128 Cal.Rptr. 485], we conclude that the landowner is not entitled to damages in inverse condemnation. Accordingly, we affirm the judgment of the trial court. Because the briefs and documents filed in the trial court indicate that the case at bench is but one of a great number of cases pending in the trial court involving the same issue, we publish our opinion so that it may be cited in the remaining cases. (See rule 977, Cal. Rules of Court.)
 

 We treat as true for the purpose of this appeal all facts, pleaded in appellant landowner’s first amended complaint. We ignore allegations of conclusion of law, and where the allegations in the body of the complaint are contrary to documents incorporated by reference in it, we treat the documents as controlling over their characterization in the pleading.
 

 Landowner owned approximately 25 acres of undeveloped real property within the Goleta County Water District. On December 7, 1972, at a time when the land was not serviced by the district, the Goleta County Water District adopted its Resolution No. 714. The resolution declares that an emergent water shortage of 4,000 acre feet per year has developed in the district and that therefore no new water service connections will be approved pending evaluation and planning for supplemental sources of water. The resolution was followed by Ordinances Nos. 72-1 and 72-2, also enacted in December of 1972. The
 
 *293
 
 ordinances similarly preclude new water service connections with exceptions for previously commenced projects.
 

 The resolution and ordinances were followed by “The Responsible Water Policy Ordinance,” an initiative measure adopted shortly afterward. The initiative ordinance directs the board of the district to “immediately take all steps necessary to explore the feasibility and ascertain the cost of any and all sources of water not currently being used by the District” and to make that “information available to the voters of the District at the earliest available time.” It precludes the importation of water from sources not then currently utilized by the district unless the voters of the district approve the expenditure involved in the importation. The initiative directs the board to deny applications for new service connections during any emergency caused by drought.
 

 The board of the district honored the initiative by not importing water. It did not permit new connections to its water service. The plaintiff landowner was unable to secure a new connection to the district’s water service. As a result, its property was “rendered unsuitable for development or use for any purpose whatsoever.” The lack of water prevented the landowner from obtaining financing for the property, and it was lost in a foreclosure sale on January 7, 1974.
 

 On April 26, 1977, the landowner filed its complaint seeking damages in inverse condemnation in the amount of $2,258,000. After the complaint had been amended to allege the facts which we have recited, the trial court sustained the district’s demurrer without leave to amend. This appeal from the resulting judgment of dismissal followed.
 

 The landowner contends that because a water district holds all of its water in trust for the benefit of all present and future inhabitants of the district, the landowner has a constitutional right to a reasonable level of utility service, the arbitrary denial of which is compensable in inverse condemnation.
 

 The contention lacks merit.
 

 “In order to state a cause of action for inverse condemnation, there must be an invasion or an appropriation of some valuable property right which the landowner possesses and the invasion or appropriation must directly and specially affect the landowner to his- injury.”
 
 (Selby
 
 
 *294
 

 Realty Co.
 
 v.
 
 City of San Buenaventura, supra,
 
 10 Cal.3d 110, 119-120.) A potential water user does not possess “an absolute right to be treated in the same manner as existing water consumers within [a] water district . . . .”
 
 (Swanson
 
 v.
 
 Marin Mun. Water Dist., supra,
 
 56 Cal.App.3d 512, 522; see also
 
 Morshead
 
 v.
 
 California Regional Water Quality Control Bd.
 
 (1975) 45 Cal.App.3d 442, 450 [119 Cal.Rptr. 586].) Here the plaintiff landowner founds its cause of action for inverse condemnation upon a right to be treated in the same fashion as existing users of the district’s water.
 

 The landowner seeks to avoid the inevitable impact of controlling precedent by arguing that in reality the ordinances represent the adoption of a “no growth” policy in the form of a studied and deliberate plan to avoid acquisition of sufficient water resources to serve new customers of the district. (See
 
 Swanson
 
 v.
 
 Marin Mun. Water Dist., supra,
 
 56 Cal.App.3d 512, 524.) That argument misconstrues the ordinances and initiative. Ordinances Nos. 72-1 and 72-2 represent interim legislation which was replaced by the initiative. The initiative does not prohibit the district’s acquisition of new water sources. To the contrary, it mandates that the district seek additional sources of water. It permits denial of access to district water to new users only when there is a drought caused emergency. The only restriction upon the development of the new sources is voter approval of their cost. In essence, then, the initiative represents a moratorium upon new service connections during drought conditions while a feasible and financially acceptable plan for expansion is developed. Damage to the landowner caused by the moratorium is not compensable. Its remedy if the board of the district does not cany out the obligation imposed by the statute lies in a petition for mandate.
 
 (Selby Realty Co.
 
 v.
 
 City of San Buenaventura, supra,
 
 10 Cal.3d 110, 125; see also
 
 HFH, Ltd.
 
 v.
 
 Superior Court
 
 (1975) 15 Cal.3d 508, 513 [125 Cal.Rptr. 365, 542 P.2d 237].)
 

 The judgment is affirmed.
 

 Lillie, Acting P. J., and Hanson, J., concurred.
 

 Appellant’s petition for a hearing by the Supreme Court was denied September 7, 1978.