908 F.2d 543
 Matthew LOCKARY; Susan Irland Lockary; Charles Gilbert;
Phyllis Gilbert; James Macey; Anton Holter;
Mesa Ranch, Inc., Plaintiffs-Appellants,
v.
Paul KAYFETZ; Victor Amoroso; Mary Lowry; Diana Lopez
Farnsworth; Frederick B. McClellan; Peter Warshall; David
L. Van Dusen; Doris Elaine Lemieux; Jack Bowen McClellan;
William Niman; Judith Weston, as individuals; Bolinas
Community Public Utility District, an incorporated public
utility district; Bolinas Planning Council, a nonprofit
corporation; John Goodchild; Gregory C. Hewlett; Steve
Matson; Patricia L. Smith; Ray Moritz; Robert J. Scarola;
Diane Middleton McQuaid; Frederick G. Styles, as
individuals; Marin County Planning Department, Defendants-Appellees.
 No. 87-15044.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Jan. 10, 1990.
Decided July 18, 1990.
 
 Richard M. Stephens and Orrin F. Finch, Pacific Legal Foundation, Sacramento, Cal., for plaintiffs-appellants.
 R.S. Cathcart, Bledsoe, Cathcart, Leahy, Starr & Hardiman, San Francisco, Cal., for defendant-appellee, Paul Kayfetz.
 Richard E.V. Harris, Orrick, Herrington & Sutcliffe, San Francisco, Cal., for defendant-appellee, Bolinas Community Public Utility Dist.
 Randall A. Padgett, Ginder, Belkin, Foster & Doyle, Berkeley, Cal., for defendants-appellees, Orville Schell and William Niman.
 Appeal from the United States District Court for the Northern District of California.
 Before WIGGINS, THOMPSON and TROTT, Circuit Judges.
 WIGGINS, Circuit Judge:
 
 
 1
 Appellants, individuals, a partnership, and its general partners, are current and former owners of undeveloped land who contest the grant of summary judgment to appellees, a public utility district and its directors. On appeal, the individual appellants assert that appellees' refusal to grant water hookups to them constitutes a regulatory taking of their land and violates their constitutional rights to substantive due process and equal protection. Furthermore, individual appellants argue that the procedures used by appellees to enact a water moratorium and grant water hookups violates their right to procedural due process. Appellant partnership and its general partner assert a precondemnation blight taking. Both the individuals and partnership challenge the grant of legislative immunity to the public utility's directors for their enactment of water moratoriums. Furthermore, appellants contend that appellee Peter Warshall was dismissed pursuant to Fed.R.Civ.P. 41(a)(1). We have jurisdiction of appellants' timely appeal pursuant to 28 U.S.C. Sec. 1291 (1982).
 
 I. STATEMENT OF FACTS AND PROCEEDINGS
 
 2
 Appellants are individuals and a limited partnership and its general partner that either have owned or now own undeveloped property in Bolinas, a community located in Marin County, California. The individual appellants purchased undeveloped land zoned for residential use on different dates. Charles and Phyllis Gilbert purchased their property in 1955; James Macey, in 1979; and Matthew and Susan Lockary, in 1981. Appellant Mesa Ranch, Inc., a general partnership, and Anton Holter, its general partner, owned approximately 210 acres intended for commercial development.
 
 
 3
 Appellees Bolinas Community Public Utility District and its directors (hereinafter "BCPUD") govern the public provision of water in Bolinas. In 1971, BCPUD enacted a moratorium on new water hookups and has continued to reenact that moratorium until its last reenactment in 1977 ("1977 reenactment"). The Gilberts, Lockarys and Macey have never received water from BCPUD. Unlike the Gilberts, Lockarys, and Macey, Mesa Ranch actually did receive water from BCPUD.
 
 
 4
 Appellants filed suit on November 10, 1982. The district court granted BCPUD's motion to dismiss as to some defendants and claims while preserving the present constitutional claims against BCPUD. Lockary v. Kayfetz, 587 F.Supp. 631 (N.D.Cal.1984) (Lockary I ). Although the district court denied the motion to dismiss BCPUD's directors from the suit, the district court granted them absolute legislative immunity for their enactment of the water moratoriums. Id. at 638.
 
 
 5
 Appellee Peter Warshall filed his answer to the appellants' complaint with the district court on April 10, 1984. On May 20, 1985, Mesa Ranch and Anton Holter filed a notice of voluntary dismissal of Peter Warshall pursuant to Fed.R.Civ.P. 41(a)(1).
 
 
 6
 Appellants then filed a motion for abstention due to an alleged ripeness defect. BCPUD thereafter filed a motion for summary judgment on all of appellants' claims. The district court denied appellants' motion for abstention and granted summary judgment in favor of BCPUD on November 16, 1987. Lockary v. Kayfetz, No. 82-6191 (N.D.Cal. Nov. 16, 1987) (Lockary II ).
 
 II. DISCUSSION
 A. STANDARD OF REVIEW
 
 7
 We review de novo a district court's grant or denial of a motion for summary judgment. Securities and Exchange Comm'n v. Belmont Reid & Co., 794 F.2d 1388, 1390 (9th Cir.1986). We may affirm a grant of summary judgment only if the trial court properly found that no genuine issue exists as to any material fact and that the moving parties are entitled to judgment as a matter of law. Loehr v. Ventura County Community College District, 743 F.2d 1310, 1313 (9th Cir.1984).
 
 
 8
 B. INDIVIDUAL APPELLANTS: THE GILBERTS, THE LOCKARYS, AND MACEY
 
 1. The Takings Claim
 
 9
 The Gilberts, Lockarys and Macey first contend that the district court erred in denying their motion for abstention because their takings claim was not yet ripe. Ripeness is a jurisdictional issue, Austin v. City and County of Honolulu, 840 F.2d 678, 680 n. 2 (9th Cir.1988), which we review de novo. Kinzli v. City of Santa Cruz, 818 F.2d 1449, 1453 n. 4 (9th Cir.1987), cert. denied, 484 U.S. 1043, 108 S.Ct. 775, 98 L.Ed.2d 861 (1988).
 
 
 10
 The Gilberts, Lockarys and Macey argue that their claim suffers a ripeness defect because of First English Evangelical Lutheran Church v. County of Los Angeles, 482 U.S. 304, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987), a decision entered after appellants filed suit. First English explicitly disapproved of the California state law rule expressed in Agins v. City of Tiburon, 24 Cal.3d 266, 275-77, 598 P.2d 25, 29-31, 157 Cal.Rptr. 372, 375-76 (1979) (in bank), aff'd on other grounds, 447 U.S. 255, 100 S.Ct. 2138, 65 L.Ed.2d 106 (1980), which held that no state compensation is available for regulatory takings. The Gilberts, Lockarys and Macey argue that this disapproval may somehow have required them to attempt to pursue a remedy for a regulatory taking in California state court, lest they run afoul of Williamson County Regional Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985), which held that a fifth amendment takings claim is not ripe until the landowner has sought "compensation through the procedures the state has provided." Id. at 194-95, 105 S.Ct. at 3121. We reject their contention. The appropriate point for determination of the adequacy of state compensation procedures occurs at the time the alleged taking occurs, Sinaloa Lake Owners Ass'n v. City of Simi Valley, 882 F.2d 1398, 1402 (9th Cir.1989), cert. denied, --- U.S. ----, 110 S.Ct. 1317, 108 L.Ed.2d 493 (1990). Thus First English does not in any way affect the ripeness of their suit. Because no other ripeness problem exists, we reach the merits of the Gilberts', Lockarys' and Macey's takings claim.[1]
 
 
 11
 The Gilberts, Lockarys and Macey contend that BCPUD's refusal to grant them water hookups constitutes a regulatory taking of their property in violation of the fifth amendment. This claim encompasses two different kinds of takings challenges: an "as applied" challenge and a "facial challenge." See, e.g., Lake Nacimiento Ranch Co. v. San Luis Obispo County, 841 F.2d 872, 876-77 (9th Cir.1987), cert. denied, 488 U.S. 827, 109 S.Ct. 79, 102 L.Ed.2d 55 (1988). Appellants' "as applied" challenge involves a claim that BCPUD's refusal to grant water hookups to them so damages the value of their land that it constitutes an unconstitutional taking of the appellants' property interest in their land. See, e.g., id. Their "facial challenge" attacks the mere enactment of the restriction as a taking of their property interest in the water they seek to obtain. The district court characterized appellants' claim solely as a facial challenge and found no triable issue of fact. We agree with that conclusion. However, because triable issues of fact surround appellants' as applied takings claim, we reverse.
 
 
 12
 BCPUD's failure to grant water hookups does not constitute a taking of the Gilberts', Lockarys' and Macey's interest in their land if it: 1) substantially advances a legitimate state interest; and 2) does not deny them economically viable use of his land. Nollan v. California Coastal Comm'n, 483 U.S. 825, 834, 107 S.Ct. 3141, 3146, 97 L.Ed.2d 677 (1987). Here, there is a tenable claim that BCPUD's failure to grant water hookups to the Gilberts, Lockarys and Macey may deny them all economically viable use of their land.
 
 
 13
 A regulation which destroys a major portion of the land's value denies a property owner of all economically viable use of his land. See Moore v. City of Costa Mesa, 886 F.2d 260, 263 (9th Cir.1989). Whether a regulation denies landowners all economically viable use of their land requires consideration of the existence of other permissible uses of that land, Agins v. City of Tiburon, 447 U.S. 255, 262, 100 S.Ct. 2138, 2142, 65 L.Ed.2d 106 (1980), and the economic impact of the regulation and the extent to which it interferes with the landowners' reasonable investment backed expectations. Williamson County Regional Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 191, 105 S.Ct. 3108, 3118, 87 L.Ed.2d 126 (1985). Also included within this inquiry is the consideration whether the regulation caused the loss of economic viability. If the loss is caused by something other than the government regulation, it does not constitute a taking. See Bedford v. United States, 192 U.S. 217, 225, 24 S.Ct. 238, 240, 48 L.Ed. 414 (1904).
 
 
 14
 The Gilberts, Lockarys and Macey have submitted evidence that Marin County conditions the grant of building permits on first securing water hookups from BCPUD for their residentially zoned land. Construing the evidence in the light most favorable to the Gilberts, Lockarys and Macey, BCPUD's refusal to grant them a water hookup prohibits them from building anything on their land. Additionally, they raise a genuine issue of material fact concerning whether a shortage of water caused a loss in the economic viability of their properties, as opposed to the arbitrary denial of water to their properties by BCPUD. See infra pp. 547-48.
 
 
 15
 Withholding available water from land zoned exclusively for residential use might interfere with the landowners' reasonable investment-backed expectations by preventing all practical use of that land. See Williamson County, 473 U.S. at 191, 105 S.Ct. at 3118. That the Gilberts, Lockarys and Macey can still walk on, or ride a bike on, or look at their land does not, at this preliminary stage of the case, reassure us to the contrary. In this context, assuming the Gilberts, Lockarys and Macey can show that sufficient water was available, then BCPUD's water moratorium may indeed constitute more than a mere reduction in property value. Cf. Trustees for Alaska v. E.P.A., 749 F.2d 549, 560 (9th Cir.1984) (mere reduction in property value does not establish a denial of all economically viable use of property).
 
 
 16
 However, the determination of what constitutes an economically viable use of land requires a case-by-case factual analysis of the particular circumstances presented. See, e.g., Ruckelshaus v. Monsanto Co., 467 U.S. 986, 1005, 104 S.Ct. 2862, 2874, 81 L.Ed.2d 815 (1984). Resolution by plenary hearing rather than by summary judgment is particularly important for claims of regulatory taking. Naegele Outdoor Advertising, Inc. v. City of Durham, 844 F.2d 172, 177 (4th Cir.1988). Because appellants have raised triable issues of fact surrounding their as applied takings claim, we reverse and remand.
 
 
 17
 2. The Gilberts', Lockarys' and Macey's Equal Protection and Substantive Due Process Claims
 
 
 18
 The Gilberts, Lockarys and Macey contend that BCPUD's refusal to issue water hookups to them constitutes arbitrary conduct in violation of the equal protection and due process clauses because BCPUD's stated reason for denying water hookups, a water shortage, was pretextual.
 
 
 19
 The interest in water for real estate development is not a fundamental right. Bank of America Nat'l Trust and Savings Ass'n v. Summerland County Water Dist., 767 F.2d 544, 548 (9th Cir.1985). Unless a classification trammels fundamental personal rights or implicates a suspect classification, to meet constitutional challenge the law in question needs only some rational relation to a legitimate state interest. City of New Orleans v. Dukes, 427 U.S. 297, 303-04, 96 S.Ct. 2513, 2517, 49 L.Ed.2d 511 (1976). Scrutiny under equal protection analysis is essentially equivalent to scrutiny under due process doctrine. Herrington v. Sonoma County, 834 F.2d 1488, 1495 n. 4 (9th Cir.1987), cert. denied, --- U.S. ----, 109 S.Ct. 1557, 103 L.Ed.2d 860 (1989).
 
 
 20
 However, the rational relation test will not sustain conduct by state officials that is malicious, irrational or plainly arbitrary. See Sinaloa, 882 F.2d at 1409. We believe that the Gilberts, Lockarys and Macey stated a claim for a violation of substantive due process and equal protection. Although a water moratorium may be rationally related to a legitimate state interest in controlling a water shortage, the Gilberts, Lockarys and Macey have raised triable issues of fact surrounding the very existence of a water shortage. They have submitted affidavits showing that following the imposition of the moratorium water consumption in Bolinas has increased by approximately 70%, water storage capacity has increased by approximately 1100%, BCPUD has provided water for secondary units and swimming pools, and BCPUD has voluntarily relinquished rights to certain water sources. Additionally, an affidavit submitted by an engineer specializing in water management stated that BCPUD's leakage rate is at least double that of accepted norms and that BCPUD has sufficient water to permit population growth within the Bolinas area. Construed in the light most favorable to appellants, BCPUD's refusal to grant water hookups to the Gilberts, Lockarys and Macey may have been arbitrary or even malicious conduct prohibited by due process and equal protection. See, e.g., id. at 1409-10. We therefore reverse and remand so the Gilberts, Lockarys and Macey may have an opportunity to prove that BCPUD's conduct was arbitrary or malicious.
 
 
 21
 3. The Gilberts', Lockarys' and Macey's Procedural Due Process Claims
 
 
 22
 First, the Gilberts[2] contend that they did not receive adequate notice of the proceedings leading to the 1977 reenactment. Second, the Gilberts, Lockarys and Macey claim BCPUD failed to provide them with notice of the hearings held by BCPUD at which residents who already had water hookups petitioned for additional hookups to build additional housing or swimming pools. Third, the Gilberts, Lockarys and Macey claim that BCPUD directors, as current water users, could not have acted as impartial decision-makers in evaluating new applications for water hookups.
 
 
 23
 Due process requires an opportunity for notice and a hearing "prior to the deprivation of a significant property interest." Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 19, 98 S.Ct. 1554, 1565, 56 L.Ed.2d 30 (1978). We reject the Gilberts' procedural due process claim because the 1977 reenactment did not deprive them of a property interest. The Gilberts had no property interest in the water they had not yet received. State law governs the definition of a property interest for purposes of a claim for denial of procedural due process. Adolph v. Federal Emergency Management Agency, 854 F.2d 732, 737 (5th Cir.1988). Under California law, potential water users have no property interest in water not yet received. See Hollister Park Investment Co. v. Goleta County Water Dist., 82 Cal.App.3d 290, 294, 147 Cal.Rptr. 91, 93 (1978). Likewise, the Gilberts, Lockarys and Macey suffered no violation of procedural due process by not receiving notice to attend hearings to supply other residents with water in which they had no property interest.
 
 
 24
 We do not consider the Gilberts', Lockarys' and Macey's claim that BCPUD did not act as an impartial decision-maker because they raise that issue for the first time on appeal. See Animal Protection Inst. of America v. Hodel, 860 F.2d 920, 927 (9th Cir.1988).
 
 C. APPELLANTS MESA RANCH AND ANTON HOLTER
 
 25
 Mesa Ranch and Holter contend that their takings claim for precondemnation blight suffers a ripeness defect and that the district court erred in granting summary judgment to BCPUD on the merits.
 
 
 26
 We agree. Mesa Ranch and Holter must first seek compensation through state procedures before suing in federal court. See Williamson, 473 U.S. at 194-95, 105 S.Ct. at 3121. Despite the existence of a California state law remedy for precondemnation blight in state court, see Klopping v. City of Whittier, 8 Cal.3d 39, 51-52, 104 Cal.Rptr. 1, 500 P.2d 1345 (1972), Mesa Ranch and Holter made no attempt to procure that relief first. Thus the district court had no jurisdiction to render judgment on the merits. We therefore reverse and remand to the district court for dismissal. In the alternative, if Mesa Ranch and Holter desire to proceed with their claim for precondemnation blight, on remand to the district court, the district court may permit Mesa Ranch and Holter to amend their complaint to include a pendant state law Klopping claim. See, e.g., Sinaloa, 882 F.2d at 1404 n. 4. The district court should resolve the issue of costs and attorneys' fees in the first instance.
 
 D. LEGISLATIVE IMMUNITY OF BCPUD DIRECTORS
 
 27
 All appellants challenge the district court's grant of legislative immunity to BCPUD directors in Lockary I. We have no jurisdiction over this claim due to the inadequacy of appellants' notice of appeal. The requirements of the content of a notice of appeal are jurisdictional, Bankers Trust Co. v. Mallis, 435 U.S. 381, 387, 98 S.Ct. 1117, 1121, 55 L.Ed.2d 357 (1978), and we consider that issue sua sponte. See United Artists Corp. v. La Cage Aux Folles, Inc., 771 F.2d 1265, 1267 (9th Cir.1985).
 
 
 28
 Rule 3(c) of the Federal Rules of Appellate Procedure requires that appellants' notice of appeal specify "the judgment, order or part thereof appealed from." The district court granted legislative immunity to BCPUD directors in Lockary I. However, appellants' notice of appeal only specifies an intention to appeal issues decided in Lockary II. We therefore dismiss the appeal of the grant of legislative immunity to BCPUD's directors.
 
 E. THE DISMISSAL OF APPELLEE PETER WARSHALL
 
 29
 All appellants contend that the district court erred in refusing to strike Warshall's joinder in the summary judgment against them. They allege that he was properly dismissed pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. Rule 41(a)(1) provides that:
 
 
 30
 [A]n action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer....
 
 
 31
 Fed.R.Civ.P. 41(a)(1) (emphasis added). Although Warshall had filed an answer to appellants' complaint, the record indicates, and Warshall does not dispute, that he never served all appellants with that answer. Thus Warshall was properly dismissed when all the appellants filed a Rule 41(a)(1) motion to dismiss on May 20, 1985. We reverse the district court's refusal to dismiss Warshall and remand for dismissal.
 
 III. CONCLUSION
 
 32
 We reverse the grant of summary judgment on Gilberts', Lockarys' and Macey's as applied takings claim and remand to allow them to establish whether BCPUD's rejection of water hookups arbitrarily denies them all economically viable use of their land. We reverse the grant of summary judgment on the Gilberts', Lockarys', and Macey's due process and equal protection claims and remand to allow them to establish whether BCPUD's refusal to grant them water hookups constituted arbitrary conduct. We affirm the grant of summary judgment on the Gilberts', Lockarys' and Macey's claims of a denial of procedural due process resulting from inadequate notice. We dismiss the Gilberts', Lockarys' and Macey's appeal of a denial of procedural due process resulting from the lack of an impartial decision-maker for failure to raise that issue below. We reverse the grant of summary judgment on Mesa Ranch's and Holter's claim for a precondemnation blight taking because their claim was not ripe and remand for the district court to dismiss or allow amendment and determine whether the award of costs and fees is appropriate. We dismiss all the appellants' appeal of the grant of legislative immunity for BCPUD directors due to an inadequate notice of appeal. We reverse the district court's decision not to dismiss Warshall and remand for his dismissal.
 
 
 33
 AFFIRMED, in part, REVERSED, in part, AND REMANDED.
 
 
 
 [1]
 As of the time the Gilberts, Lockarys and Macey filed this appeal, they had received a final rejection of their applications for water hookups. Their takings claim thus meets the final decision requirement. See Hodel v. Virginia Surface Mining and Reclamation Ass'n, 452 U.S. 264, 297, 101 S.Ct. 2352, 2371, 69 L.Ed.2d 1 (1981) (for regulatory takings claim to be ripe landowner must first receive final decision regarding the application of the regulations to the property from the governmental entity charged with implementing the regulations)
 
 
 [2]
 The Lockarys and Macey cannot assert a claim for BCPUD's failure to provide notice of the proceedings leading to the 1977 reenactment because they purchased their land subsequent to that reenactment