988 F.2d 119
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Willie HAMILTON, Plaintiff-Appellant,
v.
Sam LEWIS, Director, Arizona Department of Corrections,
Defendant-Appellee.
 No. 92-16286.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 24, 1993.
 
 Appeal from the United States District Court for the District of Arizona; No. CV-92-00780-EHC, Earl H. Carroll, District Judge, Presiding.
 D.Ariz.
 AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner Willie Hamilton appeals pro se from the district court's order apparently dismissing his 42 U.S.C. § 1983 complaint as frivolous pursuant to 28 U.S.C. § 1915(d). Hamilton alleges that prison officials violated his due process and equal protection rights by refusing to transfer him from the South Unit of the prison to the East Unit because he has diabetes. We hold that Hamilton's due process rights were not violated because he has neither a federal constitutional right nor a state-created right to be transferred within the prison system. We also hold, however, that the record is silent as to why prison officials kept Hamilton in the South Unit because he has diabetes when he otherwise would have been transferred to the East Unit. Accordingly, we reverse and remand the case to the district court for service of process.
 
 
 3
 "[I]n any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). The district court based its decision on the second element when it determined that Hamilton had not alleged the deprivation of any constitutional rights.
 
 
 4
 Hamilton's assertion that Arizona prison officials violated his due process rights is without merit. He argues that because he was eligible to be placed in the East Unit, the refusal to house him in that unit deprived him of a liberty interest. A prisoner, however, does not have an inherent constitutional right to be housed in a particular correctional institution within a state:
 
 
 5
 The Constitution does not require that the State have more than one prison for convicted felons; nor does it guarantee that the convicted prisoner will be placed in any particular prison if, as is likely, the State has more than one correctional institution....
 
 
 6
 ... Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose.
 
 
 7
 Meachum v. Fano, 427 U.S. 215, 224 (1976). Accordingly,
 
 
 8
 [a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight. The Clause does not require hearings in connection with transfers
 
 
 9
 * * *
 
 
 10
 Montanye v. Haymes, 427 U.S. 236, 242 (1976).
 
 
 11
 According to Hamilton, both the South and the East Units have the same security classification. The conditions of his confinement, therefore, are within the sentence imposed. Hamilton has no inherent due process right to be transferred from the South to the East Unit. Thus the "disinclination to transfer [Hamilton] to a less restrictive environment ... cannot be said to affect a constitutional 'liberty' interest." Badea v. Cox, 931 F.2d 573, 576 (9th Cir.1991) (Hall, J., concurring and dissenting).
 
 
 12
 Although a prisoner does not have a federally declared constitutional right to be transferred within a state prison system, the Due Process Clause may be implicated where the state creates a justifiable expectation in the prisoner that he will be incarcerated in a particular facility. Olim v. Wakinekona, 461 U.S. 238, 248-49 (1983). To prove such a justifiable expectation, Hamilton must show that Arizona
 
 
 13
 creates a protected liberty interest by placing substantive limitations on official discretion.... If the decisionmaker is not "required to base its decisions on objective and defined criteria," but instead "can deny the requested relief for any constitutionally permissible reason or for no reason at all," the State has not created a constitutionally protected liberty interest.
 
 
 14
 Id. at 249 (quoting Connecticut Bd. of Pardons v. Sumschat, 452 U.S. 458, 466-67 (1981)). We look to "regulations as well as statutes in considering whether applicable law provides a prisoner with a 'liberty' interest." Badea, 931 F.2d at 576 (Hall, J., concurring and dissenting).
 
 
 15
 Hamilton cannot demonstrate a state-created expectation to be housed in the East Unit. Arizona's inmate classification system determines an inmate's eligibility to be transferred to a particular unit. Because both the South and the East Units can house inmates with Hamilton's classification, Arizona prison officials had the discretion to place him in either unit. Indeed, according to Arizona's Institutional Assignment Chart, "[a]n Inmate may be housed, temporarily or permanently, in any facility which has capabilities exceeding the inmate's Public and/or Institutional Risk Scores." Hence, even if the South Unit had exceeded Hamilton's classification, he would not be entitled to be housed in a unit with a lower risk classification given a legitimate classification override. See Arizona Department of Correction Policy No. 500.1, § 5.6.1. Accordingly, Arizona has not created a constitutionally protected liberty interest for Hamilton to be located in the East Unit.
 
 
 16
 Regarding his claim under § 1983 for a violation of the Equal Protection Clause, Hamilton must show intentional discrimination. Sischo-Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1112 (9th Cir.1991). It remains undecided in this circuit whether the discrimination must merely be directed at one's individual characteristics or whether a plaintiff must show that the defendant discriminated on the basis of the characteristics of a group of which the plaintiff is a member. See Badea, 931 F.2d at 577 (Hall, J., concurring and dissenting). In any case, unless the discrimination "trammels fundamental personal rights or implicates a suspect classification," the authority acting under color of state law need only show that his decision has "some rational relation to a legitimate state interest." Lockary v. Kayfetz, 917 F.2d 1150, 1155 (9th Cir.1990). "However, the rational relation test will not sustain conduct by state officials that is malicious, irrational or plainly arbitrary." Id.
 
 
 17
 Hamilton argues that he was denied his right to equal protection when prison officials discriminated against him because he has diabetes. In his brief to the district court, Hamilton also stated that denying transfers to the East Unit for inmates who require insulin injections is a consistent pattern with Arizona prison officials. Thus Hamilton has alleged intentional discrimination directed at him both as an individual and as a member of an identifiable group, namely diabetics. The district court stated that Hamilton claimed he was denied the transfer "because of his need for insulin and the lack of medical facilities at the East Unit to meet his insulin needs." District Court Order at 1 (emphasis added). The district court record, however, fails to support this statement.
 
 
 18
 Therefore, it is not clear on the record that his claim that prison officials lacked a rational basis for denying transfer is frivolous. Accordingly, dismissal pursuant to section 1915(d) was improper, and we remand to district court for service of process on Hamilton's equal protection claim. See Hernandez v. Denton, 112 S.Ct. 1728, 1734 (1992).
 
 
 19
 AFFIRMED in part, REVERSED in part and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a), and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3