34 F.3d 1071
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rosita ALVIAR, a single woman; John E. Graves, Sharon M.
Graves, husband and wife, Plaintiffs-Appellants
v.
CITY OF SPOKANE, a municipal corporation for the State of
Washington; Gayle Christiansen, a single woman; Patricia
Stanton, a woman; James & Jane Smith, husband & wife;
O'Neil & Jill Vinson, husband and wife; Harvey & Jane
Harden, husband and wife; the Civil Service Commission of
the City of Spokane, Defendants-Appellees.
 No. 92-36905.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 14, 1994.
Decided Aug. 26, 1994.
 
 Before: GOODWIN, D.W. NELSON, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 After Rosita Alviar and John Graves ("Appellants") were laid off from their city civil service jobs, they initiated this action in federal district court against the City of Spokane and several city officials ("Appellees"). They contend that they possessed a property interest in continued employment with the City and that Appellees deprived them of this interest without due process of law, in violation of 42 U.S.C. Sec. 1983. They also argue that city officials violated their right to equal protection under 42 U.S.C. Sec. 1983, and conspired to deprive them of their civil rights, in violation of 42 U.S.C. Sec. 1985(3). In a decision dated October 19, 1992, the district court granted the City's motion for summary judgment. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 FACTS
 
 3
 Rosita Alviar and John Graves were civil service employees for the City of Spokane who worked as "parking violations specialists" in the Parking Violations Department. One of their main duties was "booting," a practice which involves affixing a metal device to automobiles that have acquired an impermissible number of parking tickets. They both belonged to a small group within the Department who reported to supervisor Patricia Stanton. In 1987 and 1988, the City abolished the Parking Violations Department and transferred some of its functions to a new department established under the Municipal Court, supervised by Gayle Christiansen. During the transition period, the City Council terminated the booting function, and the City abolished the "parking violations specialist" position. In March 1988 Alviar and Graves were laid off. Several other employees from the former Parking Violations Department were transferred to the new department at the Municipal Court.
 
 DISCUSSION
 I. DUE PROCESS
 
 4
 The district court held that Appellants' due process claims were barred by administrative issue preclusion because the Spokane Civil Service Commission voted to uphold the City's decision after conducting a series of hearings. The court also held, in the alternative, that Alviar and Graves did not possess a property interest in continued employment with the City, and thus had no basis for asserting a due process claim. Because we conclude that Alviar and Graves received all the process that was due to them, we need not reach the preclusion or property right issues. See Vernon v. City of Los Angeles, 27 F.3d 1385, 1391 (1994) (noting that we may affirm a district court's grant of summary judgment on any basis supported by the record).
 
 
 5
 Alviar and Graves were laid off on March 31, 1988. They received several informal hearings before the Spokane Civil Service Commission in March, May, and July, 1988. The Commission conducted the first hearing on March 15, over two weeks prior to the date of the layoffs. During the hearings, union officials represented Alviar and Graves, and Graves described his grievances at length. After listening to testimony and interpreting the Civil Service Rules, the Commission voted to uphold the layoffs. The Commission determined that city officials had followed the Rules in restructuring the department and that Rule V did not, as Alviar and Graves claimed, give laid off employees a right to be transferred. Subsequently, in a certiorari proceeding, the Superior Court of Spokane County issued findings of fact and conclusions of law upholding the results of the administrative proceedings.
 
 
 6
 Even assuming that issue preclusion does not apply and that Alviar and Graves possessed a constitutionally protected property right in continued employment with the City, we conclude that the Spokane Civil Service Commission hearings provided to Alviar and Graves satisfied the federal due process requirement. See Cleveland Board of Education v. Loudermill, 470 U.S. 532, 547-48 (1985) (holding that "a pretermination opportunity to respond, coupled with post-termination administrative procedures," is "all the process that is due" an employee discharged by a city agency).
 
 II. EQUAL PROTECTION
 
 7
 The district court refused to consider Appellants' equal protection claim on the ground that they failed to raise it in their complaint. Once again, we need not address Alviar's and Graves' challenges to the legal ground relied on by the district court because, even assuming that the claim was properly preserved for appeal, we reject the claim on the merits.
 
 
 8
 Alviar's and Graves' equal protection claim against the City of Spokane fails because they have not demonstrated that the city officials' allegedly discriminatory conduct was guided by an official city policy or custom. See Monell v. New York City Department of Social Services, 436 U.S. 658, 690 (1978) (stating that a city is liable only for "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers"). Although Alviar and Graves argued that Christiansen and others acted in a malicious, arbitrary, or capricious manner, see Lockary v. Kayfetz, 917 F.2d 1150, 1155 (9th Cir.1990) (stating that the rational relation test "will not sustain conduct by state officials that is malicious, irrational, or plainly arbitrary"), Alviar and Graves did not allege that this behavior constituted a polic or custom within the meaning of Monell, nor is there anything in the record that would support such an allegation.
 
 
 9
 Appellants' equal protection claim against the individual city officials fails because there is nothing in the record which would enable a rational trier of fact to conclude that the decision to lay off Alviar and Graves was malicious, irrational, or plainly arbitrary. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (holding that, under Rule 56(c) of the Federal Rules of Civil Procedure, the moving party is entitled to summary judgment when "the non-moving party has failed to make a sufficient showing on an essential element of her case").
 
 III. OTHER CLAIMS
 
 10
 We agree with the district court that Alviar's and Graves' Sec. 1985(3) conspiracy claim is without merit. Conspiracy claims brought under Sec. 1985(3) require a showing of "racial, or perhaps otherwise class-based, invidiously discriminatory" motivation. Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). Alviar and Graves have not made a showing of invidious discrimination sufficient to support such a claim.
 
 
 11
 Finally, because we hold that the district court properly dismissed Alviar's and Graves' federal claims, we conclude that the district court did not abuse its discretion in dismissing the supplemental state law claims. United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966); cf. 28 U.S.C. Sec. 1367 (statutory modification of Gibbs enacted subsequent to the filing of the present action).
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3