53 F.3d 338
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Douglas Edward GREEN, Plaintiff-Appellant,
v.
April ROBINSON, Defendant-Appellee.
 No. 94-16525.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1995.*
Decided April 26, 1995.
 
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Douglas Edward Green, an Arizona state prisoner, appeals pro se the district court's order construing his Fed.R.Civ.P. 27 ("Rule 27") petition as a complaint and dismissing the action as frivolous under 28 U.S.C. Sec. 1915(d). We review a district court's dismissal pursuant to 28 U.S.C. Sec. 1915(d) for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we vacate and remand.
 
 
 3
 * Background
 
 
 4
 Green submitted to the district court a form intended for prisoner complaints under 42 U.S.C. Sec. 1983. On the form, Green indicated that he brought his action in order to serve the defendant a Rule 27 petition to perpetuate testimony in anticipation of his 42 U.S.C. Sec. 1983 claim concerning housing assignments allegedly made in violation of his due process and equal protection rights.
 
 
 5
 In an order dated August 3, 1994, the district court construed Green's pleading as a complaint, granted Green in forma pauperis status, and dismissed Green's action as frivolous pursuant to 28 U.S.C. Sec. 1915(d) because it found no arguable basis in law for Green's due process claim. The district court dismissed Green's motion to serve his Rule 27 petition as moot, but did not address Green's equal protection claim. Green timely appeals.
 
 II
 Merits
 
 6
 On appeal, Green contends that the district court erred by dismissing his action as frivolous under 28 U.S.C. Sec. 1915(d). This contention has merit.
 
 
 7
 In civil rights cases, where the plaintiff appears pro se, the court must construe pleadings liberally and afford the plaintiff the benefit of any doubt. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990).
 
 
 8
 Here, Green's attempt to invoke Rule 27 to perpetuate testimony was inappropriate, considering that Green is presently able to bring his action[1] and will be able to conduct discovery subsequently. See, e.g., Shore v. Acands, Inc., 644 F.2d 386, 388 (5th Cir.1981). Therefore, the district court properly construed Green's pleading as an admissible complaint and dismissed his Rule 27 motion to perpetuate testimony.
 
 
 9
 A district court may dismiss an in forma pauperis complaint sua sponte if the complaint is frivolous under 28 U.S.C. Sec. 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Id. at 325. When a pro se litigant brings a civil rights case, the court must construe the pleadings liberally, Balistreri, 901 F.2d at 699, and afford the plaintiff an opportunity to amend the complaint, unless it is absolutely clear that the complaint's deficiencies cannot be cured by amendment, Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 10
 Here, Green claimed in his pleading that the defendant had assigned him to prison housing in violation of his due process and equal protection rights.
 
 
 11
 Prison officials are given full discretion to control prisoner classification, and the Due Process Clause does not itself create a liberty interest in a particular classification. Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976); Lucero v. Russell, 741 F.2d 1129, 1129 (9th Cir.1984). The Due Process Clause may be implicated, however, where a state creates a protected liberty interest for prisoners. See Hewitt v. Helms, 459 U.S. 460, 469 (1982). "A state may create a constitutionally protected liberty interest by establishing regulatory measures that impose substantive limitations on the exercise of official discretion." Baumann v. Arizona Dep't of Corrections, 754 F.2d 841, 844 (9th Cir.1985). Prison regulations that sufficiently limit prison officials' exercise of discretion may create a protected interest. Id. But mere guidelines do not create a protected interest. Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir.1987). Instead, the "prisoner must show 'that particularized standards or criteria guide the State's decisionmakers.' " Id. (quoting Olim v. Wakinekona, 461 U.S. 238, 249 (1983)). "These standards 'must eliminate all discretion.' " Id. (quoting Baumann, 754 F.2d at 844).
 
 
 12
 This court has not yet determined if Arizona's inmate classification policy creates a protected liberty interest in changing prison housing assignments. Because Green may have a liberty interest in his classification, his due process claim may have an arguable basis in law. Accordingly, the district court abused its discretion by dismissing his due process claim as frivolous under 28 U.S.C. Sec. 1915(d). Neitzke, 490 U.S. at 325.
 
 
 13
 To state a claim under 42 U.S.C. Sec. 1983 for a violation of the Equal Protection Clause, prisoners must show intentional discrimination. Sischo-Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1112 (9th Cir.1991). Unless the discrimination "trammels fundamental personal rights or implicates a suspect classification," the authority acting under color of state law need only show that his decision has "some rational relation to a legitimate state interest." Lockary v. Kayfetz, 917 F.2d 1150, 1155 (9th Cir.1990). "However, the rational relation test will not sustain conduct by state officials that is malicious, irrational or plainly arbitrary." Id.
 
 
 14
 The district court failed to address Green's equal protection claim in its order dismissing Green's action. Because Green's equal protection claim may have an arguable basis in law, the district court abused its discretion by dismissing Green's action as frivolous under 28 U.S.C. Sec. 1915(d). Neitzke, 490 U.S. at 325.
 
 
 15
 Moreover, the district court should have construed Green's pro se complaint liberally, see Balistreri, 901 F.2d at 699, and should have allowed Green an opportunity to amend his complaint, see Noll, 809 F.2d at 1448.
 
 
 16
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rule 27 states that "a person who desires to perpetuate testimony regarding any matter that may be cognizable in any court of the United States may file a verified petition." Fed.R.Civ.P. 27(a). "If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice," then it may order depositions to be taken. Fed.R.Civ.P. 27(c)