131 F.3d 147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John NADY; California Concerts, Inc., a California
corporation d/b/a The Omni, Plaintiffs-Appellants,
v.
CITY OF OAKLAND, a municipal corporation; Craig Kocian,
individually, and in his capacity as City Manager of the
City of Oakland; Larry Carroll, individually and in his
capacity as Hearing Officer of the City of Oakland,
Defendants-Appellees.
 No. 96-16586.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted Oct. 6, 1997.
Decided Nov. 28, 1997.
 
 Appeal from the United States District Court Northern for the District of California Susan Y. Illston, District Judge, Presiding.
 Before FLETCHER, WIGGINS, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 John Nady and his wholly owned corporation appeal from summary judgment in his § 1983 action against Oakland, California; Oakland's city manager; and a city hearing officer arising from the revocation of Nady's cabaret license. We have jurisdiction under 28 U.S.C. § 1291, and affirm.
 
 
 3
 * Nady's substantive due process rights would be violated only if the City could have had no legitimate reason for revoking Nady's license. Where no fundamental right is affected, "we do not require that the government's action actually advance its stated purposes...." Wedges/Ledges of Cal., Inc. v. City of Phoenix, 24 F.3d 56, 66 (9th Cir.1994). Although Nady quarrels with the number and nature of complaints about the Omni, there is no dispute that complaints were made and that Oakland police responded on several occasions. It is immaterial that there was also support for the Omni. Under these circumstances, the district court correctly concluded that revoking the Omni's license could further the City's legitimate interest in public health and safety.
 
 II
 
 4
 To prevail on his equal protection claims, Nady must show that he belongs to a "recognizable, distinct class, singled out for different treatment under the laws, as written or as applied." Castaneda v. Partida, 430 U.S. 482, 494 (1997), and, as no fundamental right is affected, that the City's action was "malicious, irrational, or plainly arbitrary." Lockary v. Kayfetz, 917 F.2d 1150, 1155 (9th Cir.1990). Because there is no such evidence, summary judgment was appropriate.
 
 III
 
 5
 Nady argues that his procedural due process claims were not subject to an exhaustion requirement (and, in any event, that any such requirement is satisfied now that a state judicial writ has been denied). In addition, he points out that Farratt v. Taylor, 451 U.S. 527 (1981), only applies to non-intentional conduct under Piatt v. MacDougall, 773 F.2d 1032 (9th Cir.1985)(en banc). We agree that exhaustion is not a prerequisite to a § 1983 action. Patsy v. Florida Board of Regents, 457 U.S. 496, 500-01 (1982), but in light of Sinaloa Lake Owners Ass'n v. City of Simi Valley, 882 F.2d 1398, 1407 (9th Cir.1989) and Lake Nacimiento Ranch Co. v. San Luis Obispo County, 841 F.2d 872, 879 (9th Cir.1987), we cannot say that Nady has a procedural due process claim where adequate state remedies exist. In Sinaloa, we distinguished "a procedural due process claim involving 'an attack on the decision making process itself,' " 862 F.2d at 1407 (quoting Lake Nacimiento, 541 F.2d at 879), from an attack on the decision where there was no process at all. As Nady's claim turns on defects in the process, and a procedure to remedy deprivations of procedural due process is available in state court, we must affirm.
 
 IV
 
 6
 In view of our disposition, we need not consider whether the district court erred by granting qualified immunity to Carroll and Kocian.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3