VALLEY OUTDOOR, INC., a California Corporation; Regency Outdoor Advertising, Inc., a California Corporation, Plaintiffs–Appellants,

v.

COUNTY OF RIVERSIDE, a political subdivision of the State of California, Defendant–Appellee.

No. 02–55475.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 5, 2003.

Filed July 31, 2003.

Paul E. Fisher, Fisher & Associates, P.C., Newport Beach, CA, for the plaintiffs-appellants.

Madison S. Spach, Jr., Newport Beach, CA, for the plaintiffs-appellants.

Randal R. Morrison, Sabine and Morrison, San Diego, CA, for the defendant-appellee.

Glenn Beloian, Office of Riverside County Counsel, Riverside, CA, for the defendant-appellee.

Before BROWNING, B. FLETCHER, and SILVERMAN, Circuit Judges.

## OPINION

BETTY B. FLETCHER, Circuit Judge.

Plaintiffs–Appellants Valley Outdoor ("Valley") and Regency Outdoor Advertising ("Regency"), two billboard companies, challenge the constitutionality of two different versions of Defendant–Appellee Riverside ·County's sign ordinance, claiming that both versions violate the First Amendment. They maintain that both versions of the ordinance impose impermissible restrictions on speech, favor commercial over noncommercial speech, and confer unbridled discretion on County officials to grant or deny sign permits. They also maintain that the "grandfather" provision contained in the new version of the sign ordinance is specifically targeted at their billboards and constitutes an attempt by the County to single them out for retri-

bution. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The four billboards at issue are located on three parcels of land adjoining State Highway 91 in Riverside County. Valley and Regency are in the business of leasing outdoor advertising space to the public on an "all comers" basis, for both commercial and noncommercial purposes. They have property interests in all four billboards, and they maintain a leasehold for two additional as-yet-unconstructed billboards in the same area.

Two of the four billboards—the two located on the north side of Highway 91— were originally built in April 1998 by Outdoor Media Group ("OMG"). It is not a party to this appeal.[1] At the time they were constructed, there was a Riverside County sign ordinance, Ordinance 348, art. XIX (hereinafter "Original Ordinance") in effect that regulated the erection and maintenance of signs and billboards within Riverside County limits.

The Original Ordinance distinguished between off-site and on-site advertising[2] structures and signs, regulating the former much more extensively than the latter.

---

1. Valley and Regency acquired their property interests in these billboards from OMG in June 1998.

2. The Original Ordinance did not contain a definition of "advertising" simpliciter. It defined "outdoor advertising display" to include "outdoor advertising structures and outdoor advertising signs used for outdoor advertising purposes." § 19.2(a). "Outdoor advertising structure," in turn, was defined as a structure "of any kind or character erected or maintained for outdoor advertising purposes, upon which any poster, bill, printing, painting or other advertisement of any kind whatsoever may be placed, including statuary, for outdoor advertising purposes." § 19.2(b). "Outdoor advertising sign" was defined as "any card, cloth, paper, metal, painted, plastic or wooden sign of any character placed for outdoor advertising purposes, on or to the ground or any tree, wall, bush, rock, fence,

building, structure or thing, either privately or publicly owned, other than an advertising structure." § 19.2(c). The statute explicitly exempted from these definitions "[o]fficial notices issued by any court or public body or officer," "[n]otices posted by any public officer in performance of a public duty or by any person in giving legal notice," "[d]irectional, warning or information structures required by or authorized by law or by Federal, State or County authority; including signs necessary for the operation and safety of public utility uses," "[a] structure erected near a city or county boundary, which contains the name of such city or county and the names of, or any other information regarding, civic, fraternal, or religious organizations located therein," and "[a] corridor 500 feet in width adjacent to both sides of I–15 from the Riverside/San Diego County line northerly to the city limits of the City of Temecula." § 19.2(d).

Off-site structures and signs, which the statute terms "outdoor advertising displays," § 19.2(a), are subject to extensive standards and permitting requirements contained in § 19.3: among other requirements, they are allowed only in certain zones, cannot exceed 25 feet in height or 300 square feet in surface area, must be constructed and illuminated in certain ways, and may not in any case be erected, altered, repaired, or relocated without a permit. Violation of these terms is deemed a misdemeanor. § 19.3(c). Nonconforming signs are required to be removed or altered to bring them in line with the terms of the ordinance. § 19.3(d).

The Original Ordinance was subsequently amended effective July 23, 1999. The "New Ordinance" maintains the same off-site versus on-site distinction as the Original Ordinance. Under the New Ordinance, all pre-existing advertising displays, structures, or signs, whether on-site or off-site, are deemed illegal unless, inter alia, they were erected in compliance with "all applicable county ordinances and regulations in effect at the time of [their] construction, erection or use." § 19.2(f)(1). The New Ordinance also provides expressly that "[a]nywhere a display, structure or sign is permitted by this ordinance, a non-commercial message may be placed on such display, structure or sign." § 19.5.[3]

Valley and Regency filed the current action against Riverside County in federal court on January 13, 2000. After their initial complaint was dismissed, they filed a First Amended Complaint on April 17, 2000, seeking declaratory and injunctive relief for alleged violations of the First, Fifth, and Fourteenth Amendments to the U.S. Constitution and of Article I, §§ 2 and 7 of the California constitution. They asked the district court to declare the Original Ordinance (and, insofar as it applied to them, the New Ordinance) unconstitutional both on its face and as applied, and to enjoin Riverside County from enforcing either version of the ordinance and from interfering with or threatening to coerce the removal of their billboards. The plaintiffs also sought "general damages in the approximate amount according to proof at trial."

The parties filed cross-motions for summary judgment in August and September of 2001. On October 15, 2001, the district court denied both motions in part and granted both motions in part. The court ruled that the plaintiffs were entitled to a declaration that the New Ordinance "is unconstitutional on its face only to the extent that section 19.2.f(1) thereof defines the legality of signs in terms of their compliance with the 'original' sign ordinance...."[4] However, the district court ruled that the New Ordinance was "otherwise enforceable," and that the unconstitutional part of the New Ordinance could be severed from the rest of it—an appropriate measure "because the balance of the new ordinance can function independently." Thus, the district court concluded, summary judgment for Riverside County on the remaining claims was warranted because the subject signs ran afoul of the zoning, maximum height, and maximum surface area provisions of both versions of the ordinance, all of which were both constitutional and severable.

---

**3.** The New Ordinance defines a "non-commercial structure or sign" as "any structure, housing, sign, device, figure, statuary, painting, display, message, placard or other contrivance, which is designed, constructed, created, engineered, intended or used to provide data or information that does not ... (1) Advertise a product or service for profit or for a business purpose, (2) Propose a commercial transaction; or (3) Relate solely to economic interests." § 19.2(i).

**4.** Nowhere in its opinion did the district court explain what was unconstitutional about the Original Ordinance.

We agree with the district court's conclusion that the unconstitutional aspects of the grandfather clause contained in the New Ordinance are severable from the rest of the New Ordinance. We also find that, while neither ordinance is a model of statutory clarity, the content-neutral zoning, size, and height provisions in both ordinances are constitutional and severable, and thus would be independently enforceable regardless of any other constitutional issues in either of them.

■ Whether one portion of an ordinance is severable from another is a question of state law. *See Leavitt v. Jane L.*, 518 U.S. 137, 139, 116 S.Ct. 2068, 135 L.Ed.2d 443 (1996); *City of Auburn v. Qwest Corp.*, 260 F.3d 1160, 1180 (9th Cir. 2001). The California Supreme Court has held that there are three criteria for severability under California law: the provision must be grammatically, functionally, and volitionally separable. *Calfarm Ins. Co. v. Deukmejian,* 48 Cal.3d 805, 821, 258 Cal. Rptr. 161, 771 P.2d 1247 (1989). *See also Santa Barbara Sch. Dist. v. Superior Court,* 13 Cal.3d 315, 330, 118 Cal.Rptr. 637, 530 P.2d 605 (1975) (holding that severability *"is possible and proper where the language of the statute is mechanically severable,* that is, where the valid and invalid parts can be separated by paragraph, sentence, clause, phrase, or even single words") (emphasis in original). "The final determination depends on whether the remainder ... is complete in itself and would have been adopted by the legislative body had the latter foreseen the partial invalidity of the statute ... or constitutes a completely operative expression of the legislative intent ... [and is not] so connected with the rest of the statute as to be inseparable." *Calfarm,* 48 Cal.3d at 821, 258 Cal.Rptr. 161, 771 P.2d 1247 (quoting *Santa Barbara Sch. Dist.,* 13 Cal.3d at 331, 118 Cal.Rptr. 637, 530 P.2d 605) (altera-

tions in original) (internal quotation marks omitted).

■ Both the "grandfather" provision and the zoning provisions of the New Ordinance meet these criteria. Grammatical severance is not a problem because both provisions are self-contained. Functionally, the statute remains perfectly operational without the grandfather provision, and the zoning, size, and height restrictions also function independently. And, in terms of legislative intent, the New Ordinance, without the "grandfather" provision and with the zoning, size, and height restrictions, remains perfectly consonant with the County's statement of legislative purpose and intent, which provides, inter alia:

> Because Riverside County is a large, diverse and rapidly expanding jurisdiction, the Board of Supervisors finds that proper sign control is necessary for aesthetic and safety reasons. More specifically, proper sign control is necessary to provide for the preservation and protection of open space and scenic areas, the many natural and man-made resources, and the established rural communities within Riverside County. Proper sign control also safeguards the life, health, property and public welfare of Riverside County residents by providing the means to adequately identify businesses and other sign users, by prohibiting, regulating and controlling the design, location and maintenance of signs, and by providing for the removal and limitation of sign use. It is the intent of this ordinance to provide for such control.

New Ordinance, § 19.1. Finally, the zoning, size, and height restrictions are themselves constitutional because they are content-neutral "time, place, and manner" restrictions that are "justified without reference to the content of the regulated speech, ... serve a significant govern-

mental interest, and ... leave open ample alternative channels for communication of the information." *Metromedia, Inc. v. San Diego,* 453 U.S. 490, 516, 101 S.Ct. 2882, 69 L.Ed.2d 800 (1981) (plurality opinion) (quoting *Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc.,* 425 U.S. 748, 771, 96 S.Ct. 1817, 48 L.Ed.2d 346 (1976)) (internal quotation marks omitted).

Accordingly, we conclude that the appellants' billboards are illegal for one simple reason: they fail to meet the content-neutral zoning, size, and height restrictions in both the Original Ordinance and the New Ordinance. Insofar as the appellants' claim for damages based on the unconstitutionality of the Original Ordinance remains live, no damages are warranted because the subject billboards were "independently" illegal under that ordinance's content-neutral zoning, size, and height provisions, which are the same as those in the New Ordinance.

AFFIRMED.