**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

VALLEY OUTDOOR, INC., a
California corporation,
                    *Plaintiff-Appellant,*

v.

CITY OF RIVERSIDE, a California
municipal corporation; STEPHEN
WHYLD, an individual; DOES, 1-50,
                    *Defendants-Appellees.*

No. 04-55029

D.C. No.
CV-00-00370-DT

OPINION

Appeal from the United States District Court
for the Central District of California
Dickran M. Tevrizian, District Judge, Presiding

Argued and Submitted
October 18, 2005—Pasadena, California

Filed April 27, 2006

Before Daniel M. Friedman,* Diarmuid F. O'Scannlain, and
Richard A. Paez, Circuit Judges.

Opinion by Judge O'Scannlain;
Concurrence by Judge Friedman

*Daniel M. Friedman, Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

**COUNSEL**

Eliot G. Disner, Van Etten Suzumoto & Becket LLP, Santa Monica, California, argued the cause for the plaintiff-appellant. Darrel C. Menthe, Van Etten Suzumoto & Becket LLP, Santa Monica, California, was on the briefs.

Timothy T. Coates, Greines, Martin, Stein & Richland LLP, Los Angeles, California, argued the cause for the defendant-appellee. Gregory P. Priamos, City Attorney, and James E. Brown, Office of the City Attorney, Riverside, California; Michael A. Bell, Bell, Orrock & Watase, Riverside, California; and Alan Diamond, Greines, Martin, Stein & Richland LLP, Los Angeles, California, were on the brief.

**OPINION**

O'SCANNLAIN, Circuit Judge:

In this challenge to a municipal billboard ordinance, we must decide whether a billboard company has standing to assert various claims under the First and Fourteenth Amendments of the U.S. Constitution.

I

Valley Outdoor, Inc. ("Valley") leases outdoor advertising space. Though it owns billboards throughout Southern California, of particular concern in this case are five billboards which it erected within the City of Riverside, California.

A

Without having applied for permits to do so, Valley began to pour the foundations for five billboards on January 8, 2000. A then-effective provision of the Riverside Municipal Code prohibited billboards within 750 feet of a freeway. *See* RIVERSIDE, CAL., MUN. CODE § 19.76.020(B)(2)(a)(vii) (enacted 1983). *See generally id.* ch. 19.76 ("Original Ordinance"). Valley concedes that each of the five billboards at issue is located within 100 feet of the 91 Freeway. Before completing construction, Valley commenced this action against the City on January 10, 2000, initially contending, under 42 U.S.C. § 1983, that the Original Ordinance infringed upon Valley's First Amendment rights.

Three days later, however, the California Court of Appeal, in unrelated litigation, issued a decision invalidating certain provisions of the Original Ordinance. *See City of Riverside v. Outdoor Media Group, Inc.*, No. E022351 (Cal. Ct. App. 2000). Specifically, the court struck down Sections 19.76.020(1)(C) (a ban on off-premises billboards) and 19.76.020(2)(A)-(N) (various content-based exceptions to the

ban), which included the prohibition on signs within 750 feet of a freeway.

Ten days after filing this lawsuit, J. Keith Stephens, president of Valley, attempted to tender permit application materials but was rebuffed at the City's filing window because, he was told, the City still would not permit billboards within 750 feet of a freeway. By February 20, 2000, Valley completed construction of all five billboards. On February 25, Valley again attempted to apply for the required permits. This time, the City accepted the applications, and city officials stated that if additional information became necessary Valley could provide it by filing a "correction letter."

While Valley's applications were pending, the City, impelled by the *Outdoor Media Group* decision, enacted a new ordinance with an effective date of March 2, 2000 ("Amended Ordinance"), restoring the prohibition on commercial off-site signage. Among other things, the Amended Ordinance re-adopted the 750-foot freeway exclusion zone.[1]

Subsequently, Valley received a letter from the City, dated March 1, 2000, which again rejected its permit applications. The reasons stated for rejection were: (1) Valley had provided an imprecise identification of the color and materials used for the sign uprights; and (2) Valley had failed to provide specific street addresses for two sign locations. Rather than request a correction letter, the City returned Valley's applications and fee payment.

---

[1]We note that the City has yet again rewritten the section of its zoning code governing signs. *See* Riverside, Cal., Ordinance 6804 (June 14, 2005), *available at* http://www.riversideca.gov/planning/application-forms/O-6804-signs.pdf. Unless otherwise indicated, we cite to the municipal code as it appeared at the time of the events at issue here. We leave to the district court the opportunity to consider whether the new code provisions (which were not brought to our attention by the parties) have any relevance to disposition of the merits. *See Jacobus v. Alaska*, 338 F.3d 1095, 1102-04 (9th Cir. 2003).

On March 3, 2000, the City issued a "Stop Work Notice" for each billboard. Also, by letter dated March 21, 2000, it explained that the signs "d[id] not comply with one or more of the various non-content based physical criteria of the City's sign ordinance including such things as sign area, sign height and *proximity to the freeway*" (emphasis added). The City subsequently issued five "Notice[s] to Remove Signs," which explicitly relied, in part, on the substantive restrictions reenacted by the Amended Ordinance.

B

In its Third Amended Complaint, Valley seeks declaratory relief that the Original and Amended Ordinances violate the First and Fourteenth Amendments by drawing content-based distinctions and denying equal protection of the law; injunctive relief to prevent the City from enforcing the Original and Amended Ordinances to require Valley to remove its billboards; declaratory relief that the ordinances effect a Fifth Amendment taking; and damages under 42 U.S.C. § 1983 for a violation of Valley's constitutional rights for actions taken "under color of law."

1

On July 10, 2000, in response to the City's motion to dismiss for lack of subject matter jurisdiction, the district court disposed of Valley's argument that the Original Ordinance violated the First Amendment. The district court held that the constitutionality of the Original Ordinance was a moot issue; its unconstitutionality had already been determined in *Outdoor Media Group*, and, in any case, the City had repealed it. The district court contemporaneously issued a permanent injunction forbidding the City from applying the invalidated provisions of the Original Ordinance against Valley.

On April 29, 2002, the district court denied both parties' cross-motions for summary judgment. In its order, the court

held as a matter of law that "[t]he sections of the *amended* ordinance which regulate off-premises signs are unenforceable against the billboards at issue in this action which were erected prior to March 2, 2000" (emphasis added). As a result, Valley's billboards are governed only by those sections of the Original Ordinance left standing after the *Outdoor Media Group* decision. The City does not appeal this ruling.

2

At trial, based solely on Valley's failure to apply for and to obtain the required permits before beginning construction on the five billboards at issue, the City filed a motion *in limine* to exclude all evidence that the City "improperly, unlawfully or unconstitutionally handled or refused to accept or process permit applications . . . allegedly submitted to the City by plaintiffs," which the district court granted on October 21, 2003. In a ruling from the bench, the court explained that a plaintiff may not challenge the constitutionality of one municipal code provision where it is in violation of another "independently enforceable" provision. Because Valley violated the City's permit provisions by beginning construction without applying for a permit, it had no standing, the court stated, to challenge the substantive provisions of the billboard ordinances.

On November 4, 2003, the district court granted the City's motion for judgment as a matter of law. Having granted the motion *in limine* excluding all critical evidence, the court found "no legally sufficient evidentiary basis for a reasonable jury to find for plaintiff Valley Outdoor, Inc." FED. R. CIV. P. 50(a)(2). The court subsequently denied Valley's motion for a new trial, and Valley timely filed its notice of appeal.[2]

---

[2]Despite our scheduling of a mediation conference for April 14, 2004, the City filed an abatement action in the California state court. The trial court there merely issued an injunction prohibiting Valley from displaying commercial advertising. The City appealed, and the California Court of

II

In reviewing the district court's grant of judgment for the City, we note the complex procedure by which this case proceeded: the district court granted judgment as a matter of law because of an evidentiary ruling which the court based on an application of standing doctrine. We unravel this controversy in the same sequence, considering whether Valley had standing to assert any claims; whether the district court abused its discretion in granting the motion *in limine*; and finally, whether the City was entitled to judgment as a matter of law.

A

On appeal, Valley contends that it has standing to proceed with claims that fall under one of two categories: a facial challenge to the substantive provisions of the Original and Amended Ordinances, *e.g.*, the 750-foot freeway exclusionary

Appeal reversed and remanded with instructions that the trial court enter an injunction requiring Valley to remove the billboards to their foundations. The California Supreme Court denied review. Because the injunction would have required removal of the billboards, on January 4, 2006 we granted a stay of state court proceedings in order to preserve our jurisdiction. *See* 28 U.S.C. §§ 1651(a), 2283; *Sandpiper Village Condo. Ass'n, Inc. v. Louisiana-Pacific Corp.*, 428 F.3d 831, 843-44 (9th Cir. 2005); *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 805-07 (9th Cir. 2002).

On March 2, 2006, Valley moved this court for an order clarifying our order staying the state court proceedings. Reasoning that the California Court of Appeal had reversed the state trial court's injunction, Valley sought to resume the publication of commercial advertising on its billboards pending our decision. The City responded on March 8, arguing that our stay order somehow revived the state trial court's invalidated preliminary injunction. The City further requested that we confirm "that Valley remains subject to the prior injunction foreclosing it from placing new commercial copy on the signs," or that we lift the stay order insofar as necessary to enable that restriction. Valley and the City each filed responses dated March 13 and 14, respectively. In light of our opinion today, we deny as moot all requests for clarification of the stay order.

zone, under the First Amendment; and claims arising from the allegedly arbitrary and unlawful manner in which the City refused to process Valley's permit applications.

We consider Valley's standing on a claim-by-claim basis.[3] *See, e.g.*, *Donahue v. City of Boston*, 304 F.3d 110, 116 (1st Cir. 2002) (citations omitted). The City argues that Valley lacks standing across the board because it began construction before obtaining the required permits.

1

Valley's first claim is that the Original and Amended Ordinances are facially invalid because their substantive restrictions, such as the 750-foot freeway exclusion zone, violate various First Amendment principles. Valley contends that its standing is not affected by its failure to obtain permits before beginning construction because any attempt to do so would have been futile.

**[1]** As noted above, the district court held that the City cannot apply the substantive restrictions of the Original or Amended Ordinances against Valley. The Original Ordinance is irrelevant because its substantive restrictions were invalidated by *Outdoor Media Group*; the district court has already determined its mootness in this case and enjoined its application. Further, the Amended Ordinance, as a matter of law, does not apply to Valley's signs, which Valley installed prior to the Amended's Ordinance's effective date. Thus, both parties have missed the obvious and most relevant point: because neither the invalidated provisions of the Original Ordinance nor the entirety of the Amended Ordinance can be enforced

---

[3]*Virtual Media Group, Inc. v. City of San Mateo*, 2002 WL 485044 (N.D. Cal. 2002), *aff'd* 66 Fed. Appx. 129, 2003 WL 21259923 (9th Cir. 2003), and *Valley Outdoor, Inc. v. County of Riverside*, 337 F.3d 1111 (9th Cir. 2003), the two cases upon which the district court relied, are straightforward applications of severability and standing doctrines.

against the billboards in this case, Valley lacks standing to challenge the constitutional validity of the substantive restrictions. *See Virginia v. Am. Booksellers Ass'n, Inc.*, 484 U.S. 383, 392 (1988).[4]

**[2]** Thus, the district court properly held that Valley lacked standing to challenge the substantive provisions of the billboard ordinances.

2

Valley also contends that it has standing to assert the second category of claims: its challenges to the City's authority to accept or to deny late-filed permit applications at its complete discretion, as well as the City's allegedly arbitrary conduct in exercising that discretion in this case.[5] Valley argues

---

[4]For the same reason, Valley lacks standing to challenge the Amended Ordinance under the California Constitution.

We also note that even if Valley *had* standing because of the City's purported application of the Amended Ordinance, the claim became moot when the district court held that the ordinance does not apply. *Cf. Dream Palace v. County of Maricopa*, 384 F.3d 990, 1000 (9th Cir. 2004) (holding that there is a possibility of immediate injury if the government is "in the process of amending [the law] so that the challenged restrictions will apply to pre-existing businesses").

[5]Valley points to circumstantial evidence that suggests, as a factual matter, an illicit motivation behind the City's actions. At the time of Valley's attempt to avail itself of the Riverside Municipal Code's "late-filed" permit application process, the City's original sign ordinance had been invalidated. Nonetheless, a city official rejected Valley's application in reliance on one of the invalidated provisions, stating that the City would not accept the materials because the proposed signs were located within 750 feet of a freeway. The City denied Valley's second attempt to submit application materials because, according to the City's explanation, the papers imprecisely stated the shade of gray used on the billboards and the street addresses at which they were located. Whereas deficiencies of this meager variety were typically remedied by a simple correction letter, here the City returned the application materials and instructed Valley to apply anew. Perhaps not coincidentally, the City penned this rejection only one day prior to the Amended Ordinance's effective date. "Instead of granting permits," Valley concludes, "the City made sure it kept the ball in the air until it could pass a new statute, which it could then employ to deny permits to Valley." Appellant's Opening Brief at 16.

that "[i]t was improper to discard the evidence in the record of selective application" of the permitting requirements, and we agree.

[3] To establish standing, Valley must show: (1) that there is an actual or imminent injury, which is concrete and particularized, not hypothetical or conjectural; (2) that the injury is fairly traceable to the City's actions; and (3) that it is likely, not merely speculative, that the injury will be redressed by a favorable decision. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Nat'l Audubon Soc'y, Inc. v. Davis*, 307 F.3d 835, 848 (9th Cir. 2002). The City seeks to prevent Valley from maintaining its billboards, and, as such, the parties do not contest the first two elements. The crucial issue is redressability.

[4] It is important first to note that the City's billboard ordinance contains a detailed procedure by which the City *will* process an application filed after the beginning of construction, *i.e.*, a "late-filed" permit application. *See* RIVERSIDE, CAL., MUN. CODE § 19.76.210(E).[6] Notwithstanding that procedure and Valley's compliance therewith, the City refused to process Valley's permit applications, and it continues to assert that Valley lacks standing simply because it filed permit applications after beginning construction. In essence, then, it claims complete, discretionary authority to dispose of a late-filed application as it sees fit in any given case.

[5] If indeed the City possesses authority to seek abatement in the case of a late filing, then a court order invalidating a substantive restriction such as the 750-foot freeway perimeter

---

[6]Late-filing applicants are not deemed *per se* ineligible to receive the permits and inspections necessary to construct a billboard; the ordinance indicates only that they must pay a modest penalty fee. RIVERSIDE, CAL., MUN. CODE § 19.76.210(E)(1)-(3). Moreover, the code provided explicitly for a 45-day grace period within which sign builders could file the necessary applications. *Id.* § 19.76.210(F).

would not redress Valley's alleged injury. But an order reversing the City's allegedly arbitrary treatment of Valley's late-filed application or rejecting the City's authority to do so *would* accomplish that result. *See, e.g.*, *IDK, Inc. v. Clark County*, 836 F.2d 1185, 1196 (9th Cir. 1988) (noting that when the government "revokes or denies licenses for arbitrary or constitutionally suspect reasons, the aggrieved party may challenge the application of the regulation in that specific context"). This is precisely Valley's claim. Valley's commencing construction before applying for the required permits does not constitute disqualifying "self-help," as the district court concluded, but actually gives rise to this very case or controversy. Thus, the district court erred in ruling that Valley lacked standing to assert constitutional claims related to the City's conduct in refusing to process the late-filed permit applications.

B

**[6]** Having determined that Valley has standing to the foregoing extent, we next consider the district court's ruling on the motion *in limine* excluding evidence of the City's conduct. Of course, as noted, the City asserts unbridled discretion under its municipal code to decide which late-filed applicants get to erect billboards and which do not. As such, there exists a tenable claim that discretionary authority of this nature over expressive activity is facially violative of the First Amendment. *See Thomas v. Chicago Park Dist.*, 534 U.S. 316, 323 (2002); *Young v. City of Simi Valley*, 216 F.3d 807, 819 (9th Cir. 2000); *Desert Outdoor Adver., Inc. v. City of Moreno Valley*, 103 F.3d 814, 818-19 (9th Cir. 1996).**7** Given this

---

**7**Upon review of the record, we are satisfied that this argument was sufficiently raised in the complaint, *see Yamaguchi v. United States Dep't of the Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (holding that the complaint need only provide "fair notice" to defendant of the claim asserted); contemplated in the pretrial conference order, *see United States v. First Nat'l Bank of Circle*, 652 F.2d 882, 886 (9th Cir. 1981) (holding that such

claim, the evidence of the City's allegedly improper rejection of Valley's permit applications is indeed relevant. Quite simply, it goes to whether the City's exercise of its statutory authority to grant or to deny late-filed permits for expressive activity was arbitrary.

Valley has also argued that the City violated its right to equal protection by arbitrarily, maliciously, and dishonestly denying the permit applications. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (holding that a "class of one" may assert an equal protection claim); *Lockary v. Kayfetz*, 917 F.2d 1150, 1155-56 (9th Cir. 1990). Valley offered to present evidence showing that the City's motivation was malicious, stemming from Valley's having filed a permit application during the gap in which the City was legally powerless to prevent the placement of Valley's signs in proximity to the freeway. *See Esmail v. Macrane*, 53 F.3d 176, 180 (7th Cir. 1995) (holding that the government may not engage in "a spiteful effort to 'get' [an individual] for reasons wholly unrelated to any legitimate state objective"). A jury could find that any differential treatment of Valley's late-filed application may have been irrational and wholly arbitrary, in violation of equal protection principles. *See Armendariz v. Penman*, 75 F.3d 1311, 1326-27 (9th Cir. 1996) (en banc); *Lockary*, 917 F.2d at 1155-56. As such, we agree that the evidence of the City's allegedly "improper or unlawful" handling of Valley's

orders are to be liberally construed and that an issue is sufficiently preserved if it is at least "implicitly" embraced by the text); preserved in Valley's offer of proof on the motion *in limine*, *see United States v. Lui*, 941 F.2d 844, 846 (9th Cir. 1991) (holding that an issue is preserved for appeal if "the substance of the objection has been thoroughly explored during the hearing"); and further preserved on appeal, *cf. Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (requiring the parties to provide reasoned, legal arguments on appeal). The theory as to the unconstitutionality of the City's conduct was fully and consistently articulated.

permit applications is relevant because it is indicative of governmental conduct that the Equal Protection Clause may forbid.[8]

**[7]** In sum, therefore, the district court abused its discretion in granting the motion *in limine* because its exclusion of the evidence was predicated upon an inaccurate application of standing doctrine. *See Richard S. v. Dep't of Developmental Servs.*, 317 F.3d 1080, 1085-86 (9th Cir. 2003). Evidence of the manner in which the City "handled or refused to accept or process permit applications" is clearly relevant to a claim challenging precisely that conduct.

## C

**[8]** Because the district court erred in granting the motion *in limine*, it also wrongly granted the City's motion for judgment as a matter of law. Viewing the evidence in the light most favorable to Valley (including the evidence which the district court wrongly excluded), the challenge to the City's allegedly unguided and arbitrary denial of the late-filed permit applications presents a sufficient basis upon which a reasonable juror could find for Valley. *See El-Hakem v. BJY Inc.*, 415 F.3d 1068, 1072 (9th Cir. 2005).

## III

It is clear that the City's aim, perhaps a noble one, is to keep visual clutter "to a minimum, specifically with regard to signs adjacent to freeways." RIVERSIDE, CAL., MUN. CODE § 19.76.005. Nevertheless, whatever Valley's ultimate success

---

[8]Like the First Amendment argument discussed above, Valley articulated this equal protection argument in its complaint, *see In re Lopez*, 345 F.3d 701, 705 (9th Cir. 2003) (requiring adequate notice of the claim such that the pleadings would have compelled the trial court to rule on the issue); preserved the argument in the corrected final conference order, *see First Nat'l Bank of Circle*, 652 F.2d at 886; preserved the argument for a challenge to the motion *in limine* during the offer of proof; and preserved the argument for appeal.

on the merits, the evidence excluded *in limine* is clearly relevant to the determination of this case. Finding otherwise based on its application of the rules of standing, the district court abused its discretion in granting the motion *in limine* and in rendering judgement as a matter of law.

AFFIRMED in part and REVERSED in part and REMANDED for trial proceedings consistent with this opinion.

---

FRIEDMAN, Circuit Judge, concurring in the result:

Although I disagree with some of the court's statements in its opinion, I agree that the district court's judgment for the City as a matter of law cannot stand, and that the case should be remanded to that court for trial proceedings.

The City requires that before beginning the construction of a billboard, one must apply for and receive a permit. Valley did not do so. Instead, it began construction and laid concrete foundations for five billboards. After this work had been done without a permit, it then sought a permit from the City, which rejected its request.

If that were all the case involved, the outcome would be clear and simple. Because Valley had not complied with the City's permit requirement and offered no explanation, reasonable or otherwise, for its failure to do so, the City justifiably rejected Valley's belated efforts to cure its noncompliance by its attempt retroactively to obtain a permit. Although Valley now states that applying for a permit before starting construction would have been futile, there is no way of knowing what the City would have done if an application had been filed. If Valley had made a good faith endeavor to obtain a permit before beginning construction, perhaps the differences

between Valley and the City over the appropriate location of the billboards could have been settled through compromise.

The situation, however, is not that simple. The City's permit procedure includes detailed provisions by which it may grant a permit after construction has been begun or even been completed. Valley attempted to invoke that procedure, but the City rejected Valley's belated attempt to obtain a permit on grounds that at least suggest that the City had already decided not to authorize retroactively Valley's billboards. The City's stated reasons for returning the second permit application, after construction of the billboards had been completed, were that Valley had improperly identified the color and material used for the uprights and had not given precise street addresses for two of the billboards. As the court suggests in its opinion, these deficiencies seem more appropriate to be dealt with through a correction letter than by rejecting the application.

I concur in the result in this case because I think that the further explication and development of the facts that the court's opinion apparently contemplates would facilitate the ultimate final disposition of this complex and complicated case. I hope that evidence would be developed addressing these items: (1) Valley's reasons, if any, for not seeking a permit before beginning construction of the billboards (other than its claim that such application would have been futile); and (2) the City's reasons for apparently not considering the merits of Valley's retroactive request for a permit or for denying that request (other than the City's apparent position that it has absolute discretion to grant or deny a permit without stating a reason).