**Melissa WHITE, Individually, and as heir and Special Administratrix of the Estate of John White, deceased, Plaintiff—Appellant,**

v.

**Beverly CUNNINGHAM, Defendant—Appellee.**

No. 06–15377.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2007.

Filed Dec. 19, 2007.

Cal J. Potter, III, Esq., Potter Law Offices, PC, Las Vegas, NV, for Plaintiff–Appellant.

J. Marty Howard, Esq., Office of the Attorney General, State of Nevada, Las Vegas, NV, for Defendant–Appellee.

Before: FARRIS, BEEZER, and THOMAS, Circuit Judges.

## MEMORANDUM *

Melissa White ("White"), the widow of John White ("Decedent"), appeals the district court's order granting defendant Beverly Cunningham's ("Cunningham") motion for summary judgment on White's claims brought under 42 U.S.C. § 1983. The district court held that Cunningham was entitled to absolute quasi-judicial immunity. We review de novo and may affirm on any ground supported by the record. *Bliesner v. Commc'n Workers of Am.*, 464 F.3d 910, 913 (9th Cir.2006). We affirm the judgment of the district court on different grounds. The facts of this case are known to the parties and we do not repeat them here.

## I

White argues that Cunningham was not entitled to summary judgment on the basis of absolute immunity because Cunningham did not perform a function comparable to judicial tasks such as denying or revoking parole.[1] We agree. Parole board members are entitled to absolute immunity when performing "quasi-judicial functions." *Swift v. California,*

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. As a threshold matter, Cunningham counters that White should not be permitted to appeal this issue because White did not mention it in her opposition to Cunningham's summary judgment motion in the district court. Cunningham's argument fails because the district court granted summary judgment on the basis of absolute immunity. *See Cmty. House, Inc. v. City of Boise*, 490 F.3d 1041, 1054 (9th Cir.2007).

384 F.3d 1184, 1189 (9th Cir.2004) (internal quotation marks omitted). Parole officers are not entitled to absolute immunity when performing functions similar to those of a police officer. *Id.* at 1191. When taking a parolee into custody, parole officers function as police officers and are not entitled to absolute immunity. *Id.* at 1192.

Cunningham was not a member of the Nevada Board of Parole Commissioners and had no authority to make the quasi-judicial determination whether to revoke parole. *See* Nev.Rev.Stat. § 213.1515 n. 1. When arresting Decedent for a parole violation, Cunningham performed duties similar to those of a police officer. Cunningham is not entitled to absolute immunity.[2]

## II

· White cannot properly raise her § 1983 arguments based upon the Fourth Amendment and Fourteenth Amendment Due Process Clause on appeal because she did not plead them in her complaint. *See Brass v. County of L.A.,* 328 F.3d 1192, 1197 (9th Cir.2003). Even if, under the liberal requirements of notice pleading, Cunningham's complaint could be construed as alleging Fourth and Fourteenth Amendment claims, those claims would fail. White repudiated her Fourth Amendment claim in her reply brief. With respect to the Fourteenth Amendment due process claim, it is clear from the record that Cunningham had probable cause to arrest Decedent for violation of his parole. White cannot defeat Cunningham's summary judgment motion on the basis of allegation or conjecture. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–49, 106 S.Ct. 2505, 91 L.Ed.2d · 202 (1986).

## III

White's § 1983 claim based upon Cunningham's alleged violation of the Eighth Amendment fails because Cunningham is entitled to qualified immunity. To determine whether a state official who allegedly violated a constitutional right is entitled to qualified immunity, we examine whether the law governing the state official's conduct was clearly established. *Estate of Ford v. Ramirez–Palmer,* 301 F.3d 1043, 1050 (9th Cir.2002). Our determination whether the law was clearly established " 'must be undertaken in light of the specific context of the case, not as a broad general proposition.' " *Id.* (quoting *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)).

Examining the law in light of the specific context of this case, it is not clearly established that parole officials have an Eighth Amendment obligation to either (1) refrain from arresting a parolee who has serious, but non-emergency, medical needs or (2) ensure that relevant authorities at the jail obtain a parolee's medical information that the parole official happens to possess.

Because Cunningham is entitled to qualified immunity, we affirm the judgment of the district court.[3]

**AFFIRMED.**

---

**2.** Cunningham also argues that she is entitled to absolute immunity because her actions "determin[ing] whether to initiate a parole revocation" were quasi-prosecutorial in nature. This argument fails. "[W]hen a parole officer recommends that a senior official initiate parole revocation proceedings, the recommendation is not comparable to initiating a prosecution and is more analogous to a police officer applying for an arrest warrant." *Swift,* 384 F.3d at 1192 (internal quotation marks and citation omitted).

**3.** The parties dispute whether White brought a state-law wrongful death action against

Cunningham. The district court did not construe White's complaint as raising such a claim against Cunningham, and we do not adopt such a construction now. If White had intended to raise such a claim against Cunningham, White could have easily done so by adding Cunningham's name to the list of defendants in paragraph 53 of her complaint. By failing to do so, White failed to provide Cunningham with fair notice that she was asserting a state-law claim against her. *Cf. Valley Outdoor, Inc. v. City of Riverside,* 446 F.3d 948, 954 n. 7 (9th Cir.2006) (noting that

a complaint must provide fair notice to defendant of the claim asserted).

