**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GREGORY GARMONG, | No.    18-16824 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-00444-RCJ-WGC |
| v. | |
| TAHOE REGIONAL PLANNING AGENCY; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| TIM CARLSON; E. CLEMENT SHUTE, Jr., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted March 26, 2020[**]
Las Vegas, Nevada

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:  W. FLETCHER, BYBEE, and WATFORD, Circuit Judges.

Plaintiff Gregory Garmong filed this action in district court, challenging a decision by the defendant Tahoe Regional Planning Agency ("TRPA") to issue a permit allowing a cell tower to be built in a mostly undeveloped area under the agency's purview.  The district court dismissed Garmong's complaint due to his failure to establish Article III standing to bring his claims, but granted him leave to amend.  Garmong filed a first amended complaint, which the district court again dismissed for lack of Article III standing.  The district court dismissed with prejudice and ordered the case closed.  Garmong urges that this was error, on both substantive and procedural grounds.  We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

1.  We review de novo a district court's conclusion that a plaintiff lacks Article III standing.  *Braunstein v. Ariz. Dep't of Transp.*, 683 F.3d 1177, 1184 (9th Cir. 2012).  To satisfy Article III standing, a plaintiff must first show an injury in fact that is (a) concrete and particularized and (b) actual or imminent.  *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000)).  Plaintiffs alleging a statutory violation must still establish a concrete injury.  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016).

2

Garmong's first amended complaint was in part based on alleged procedural violations committed by the TRPA. Environmental plaintiffs like Garmong can establish an injury in fact "by showing a connection to the area of concern sufficient to make credible the contention that the person's future life will be less enjoyable . . . if the area in question remains or becomes environmentally degraded." *Ecological Rights Found. v. Pac. Lumber Co.*, 230 F.3d 1141, 1149 (9th Cir. 2000). Garmong alleged that in the past he has used the area around the cell tower for personal fitness, recreation, and nature-study, and that he plans to continue doing so in the future. He further alleged that the cell tower will "interrupt the view path for one of [his] primary locations to enjoy Lake Tahoe vistas in peaceful contemplation." The TRPA's own documents support the plausibility of this allegation.

Having satisfied the injury requirement, Garmong must also show that his injury is fairly traceable to the challenged conduct of the TRPA and that it is likely his injury will be redressed by a favorable decision of a court. *Bernhardt*, 279 F.3d at 868–69. However, "[w]here, as here, claims rest on a procedural injury, the causation and redressability requirements are relaxed." *Ctr. for Biological Diversity v. Mattis*, 868 F.3d 803, 817 (9th Cir. 2017) (internal quotation marks omitted). Garmong has cleared these low barriers. He alleges that the TRPA has

3

failed to consider its own regulations, and asks that a court prohibit the permit from being "legally . . . maintained." Accordingly, we hold that Garmong alleged facts sufficient to establish Article III standing.

Our inquiry does not end there. We must also ask whether a statute confers standing on Garmong to bring his claims. *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1175 (9th Cir. 2004). The TRPA Compact, by which the agency is governed, allows "[a]ny aggrieved person [to] file an action in an appropriate court of the States of California or Nevada or of the United States alleging noncompliance with the provisions of [the] compact or with an ordinance or regulation of the agency." An "aggrieved person" includes anyone who appeared in person before the agency at an appropriate administrative hearing to object to the action being challenged. Garmong attended the public hearing on the cell tower proposal and gave public comment, as well as appealed the resultant decision to the TRPA Board of Directors, which unanimously denied the appeal. Accordingly, we hold that Garmong had statutory standing to bring his claim.

2. Garmong's amended complaint alleged thirty-four claims for relief. When the district court dismissed Garmong's amended complaint for lack of Article III standing, it did so without conducting a claim-by-claim analysis. This was error. *See Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008)

4

("Standing is not dispensed in gross." (internal quotation marks omitted));  *Allen v. Wright*, 468 U.S. 737, 752 (1984) ("[T]he standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted."), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014).  Upon remand, the district court need not repeat its standing analysis for claims that rely on the same underlying injury, but should analyze whether Garmong has standing for each category of claims asserted in his amended complaint.  *See Valley Outdoor, Inc. v. City of Riverside*, 446 F.3d 948, 952–53 (9th Cir. 2006) (analyzing categories of claims on a claim-by-claim basis).

3.  In a hearing prior to its dismissal of Garmong's complaint for the second and final time, the district court assured Garmong that it would grant him leave to further amend his complaint.  However, it entered its dismissal without waiting for an amended complaint.  This was an abuse of discretion.  *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).  Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave when justice so requires."  More important, the district court reneged on an explicit assurance without explanation.  In similar situations we have previously granted relief.  *See, e.g., United States v. Buchanan*, 59 F.3d 914, 918 (9th Cir. 1995) ("Litigants need to be

able to trust the oral pronouncements of district court judges."). Accordingly, upon remand, the district court should give Garmong the option of further amending his complaint.

4. Finally, Garmong appeals the district court's denial of his motion for a preliminary injunction. The district court did not conduct a standalone analysis for the preliminary injunction; rather, it relied on its reasoning from an earlier decision denying a temporary restraining order requested by Garmong. Furthermore, the district court denied Garmong's motion for a preliminary injunction in the same sentence that it concluded that he lacked standing, making it difficult to determine the extent to which its standing determination factored into the denial. We therefore vacate the district court's denial and instruct the district court to conduct an appropriate analysis of the request for a preliminary injunction.

**REVERSED and REMANDED.** Costs are taxed against the defendants. *See* FED. R. APP. P. 39(a)(3).